PER CURIAM.
Appellant, Traveler’s Express, sued ap-pellee, Crosby, on an agreement under which Crosby agreed to pay Traveler’s for money orders Crosby sold for Traveler’s. At the non-jury trial, Traveler’s introduced the written agreement between the parties and copies of Traveler’s records of account showing a balance due Traveler’s from Crosby of $18,029.12. Crosby testified only that he did not know the amount, if any, owed on account. Traveler’s appeals a judgment for Crosby. We reverse.
There is no legal question concerning the admissibility of the contract and Traveler’s business records which established a prima facie case[1] that Crosby owed Traveler’s $18,029.12. Crosby presented no evidence contradicting, impeaching, or rebutting Traveler’s prima facie case. There is no conflicting evidence and no question of credibility for the trier of fact to resolve. The record reflects no valid reason why judgment should not have been entered for Traveler’s.
The judgment entered for Crosby is reversed and the cause remanded with directions to enter a proper judgment for Traveler’s for $18,029.12.
REVERSED AND REMANDED.
DAUKSCH, COBB and COWART, JJ., concur.

. A plaintiff establishes a prima facie case when he introduces evidence sufficient to indicate as true all facts essential to establish all elements of his cause of action and which, if unrebutted, remains sufficient to entitle the plaintiff to a judgment in his favor. See IX J. Wigmore, Wigmore on Evidence § 2494 (3d ed. 1940).